UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| SAMETCAN AVCI,<br><br>                              Petitioner,<br><br>v.<br><br>CHRISTOPHER LAROSE, Senior Warden Otay Mesa Detention Center; TODD BLANCHE, Acting United States Attorney General; MARKWAYNE MULLIN, Secretary of the Department of Homeland Security; PATRICK DIVVER, ICE San Diego Field Office Director, in their official capacities,<br><br>                              Respondents. | Case No.:  3:26-cv-03870-LEK-MSB<br><br>**ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS** |

Before this Court is Petitioner Sametcan Avci's ("Petitioner") Verified Petition for Writ of Habeas Corpus ("Petition"), filed on July 6, 2026. [Dkt. no. 1.] The respondents, identified in the Petition as Christopher LaRose, Senior Warden of Otay Mesa Detention Center; Todd Blanche, Acting United States Attorney General; Markwayne Mullin, Secretary of the Department of Homeland Security; Patrick Divver, ICE San Diego Field Office Director, in their official capacities ("Respondents"), filed a response to the Petition ("Response") on July 13, 2026. [Dkt. no. 4.] Petitioner filed his Traverse and Memorandum in Support of Petition on July 14, 2026. [Dkt. no. 5.] Although Petitioner requested oral argument on the Petition, see Petition at pg. 1, this Court finds that oral argument is not necessary.

## **BACKGROUND**

Petitioner, a citizen of Turkiye, entered the United States on March 26, 2024 and was detained by the U.S. Department of Homeland Security ("DHS") for approximately one day. He was released on his own recognizance, pending removal proceedings. [Petition at ¶¶ 26-27.[1]]

Petitioner filed an asylum application in August 2024. During the pendency of the asylum proceedings, Petitioner received an employment authorization card and was working as an Uber and Lyft driver. On June 27, 2026, Petitioner was arrested while driving a customer to a military base. [Id. at ¶¶ 28-29.] DHS officials sent Petitioner to the Otay Mesa Detention Center, where he remained through the filing of the Petition. See id. at ¶ 29. Petitioner was not given a pre-detention hearing, nor was he given notice of the basis for his re-detention. [Id.]

Petitioner's primary argument is that his re-detention is unlawful and arbitrary. [Id. at ¶ 30.] Among other things, Petitioner asks this Court to, *inter alia*: issue a declaratory judgment that Petitioner's detention without a prior individualized determination is unlawful; issue a writ of habeas corpus ordering Respondents to either release Petitioner from custody or schedule a bond hearing pursuant to Title 8 United States Code Section 1226(a); issue an order prohibiting Respondents from re-detaining Petitioner unless there is a material change in circumstances and unless he is provided with a pre-deprivation hearing; and award Petitioner attorney's fees and costs under the Equal Access to Justice Act. [Id. at pg. 10.]

Respondents contend that "Petitioner is subject to mandatory detention under [8 U.S.C.] § 1225(b)(2)." [Response at 2.] Respondents, however, acknowledge

---

[1] Paragraph 27 states that Petitioner entered the United States on March 26, 2026, but, based on the periods discussed elsewhere, see Petition at ¶¶ 27-28, the reference to 2026 in paragraph 27 appears to be a typographic error.

that this district court has "repeatedly reached the opposite conclusion under the same and/or similar facts." [Id. (collecting cases).] Respondents, therefore, "do[] not oppose the petition and defer[] to the Court on the appropriate relief." [Id. at 3.] Respondents ask that, if this Court orders a bond hearing, it permit the hearing to be held up to fourteen days from the filing of this Court's order, in consideration of the government's "heavy caseloads and staffing levels." [Id. at 3 n.2.] Respondents also argue that, during a bond hearing, a detainee bears the burden of proof, by a preponderance of the evidence, on the flight risk or danger to the community issues. [Id. (citing Rodriguez Diaz v. Garland, 53 F.4th 1189, 1197 (9th Cir. 2022); Dos Santos v. Becerra, No. 26-cv-01423-GPC-VET, 2026 WL 800201 (S.D. Cal. Mar. 23, 2026)).]

## DISCUSSION

This Court construes Respondents' non-opposition to the Petition as a concession that Petitioner's re-detention violates his due process rights. This Court therefore concludes that Petitioner is entitled to relief pursuant to Title 28 United States Code Section 2241. Turning to the issue of the appropriate remedy, this Court notes that, in Noori v. LaRose, 807 F. Supp. 3d 1146 (S.D. Cal. 2025), this district court ruled that the respondents violated the petitioner's Fifth Amendment due process rights when the respondents revoked the petitioner's parole by sending a mass, generic notification one morning and arresting the petitioner later that day at his immigration hearing. Id. at 1155, 1166. This district court concluded that the petitioner had "a protectable expectation of his due process rights in his removal proceedings and the fair procedures this country guarantees. . . . Particularly, he was entitled to both notification of revocation and the reasoning for revocation, if not also an opportunity to be heard and contest the

3:26-cv-03870-LEK-MSB

determination." Id. at 1165. The district court ordered the petitioner's immediate release. Id. at 1154.[2]

In the instant action, Petitioner received even less due process than the petitioner in Noori. Petitioner received no notification or individualized reason as to why his release on his own recognizance was being revoked before he was summarily detained on June 27, 2026. See Petition at ¶¶ 27, 29. Nor have Respondents explained, even after they filed the Response, what circumstances have changed to warrant Petitioner's re-detention. Providing Petitioner a bond hearing now would not remedy the Fifth Amendment violation he has already experienced. Only release from detention can accomplish that now.[3]

Petitioner's request for an award of attorney's fees and costs, see id. at pg. 10, is denied without prejudice to the filing of an application requesting reasonable attorney's fees and costs that is filed within thirty days of the entry of judgment.

## CONCLUSION

For the foregoing reasons, Petitioner Sametcan Avci's Verified Petition for Writ of Habeas Corpus, filed July 6, 2026, is GRANTED insofar as Respondents are ORDERED to immediately release Petitioner from custody under the same conditions which existed immediately prior to Petitioner's detention on June 27, 2026. Further, Respondents are ENJOINED AND RESTRAINED from re-detaining Petitioner unless he is provided with a pre-deprivation hearing in which a neutral decisionmaker determines

---

[2] The district court had previously issued a truncated order ordering the petitioner's immediate release. See Noori, 807 F. Supp. 3d at 1154. The 807 F. Supp. 3d 1146 order was issued to "provide[] a fuller legal analysis and legal basis for the September 26, 2025 Order." Id.

[3] The Court need not address Petitioner's claim arising under the Immigration and Nationality Act, [Petition at pg. 9,] because the Petition can be resolved on due process grounds.

3:26-cv-03870-LEK-MSB

that Petitioner presents a flight risk or danger to the community such that his physical custody is legally justified.

The Petition is DENIED WITHOUT PREJUDICE as to Petitioner's request for attorney's fees and costs.

The parties are ORDERED to file a joint status report by **July 22, 2026**, confirming that Petitioner has been released.

IT IS SO ORDERED.

DATED AT HONOLULU, HAWAII, July 14, 2026.



/s/ Leslie E. Kobayashi

Leslie E. Kobayashi
Senior U.S. District Judge

**SAMETCAN AVCI VS. CHRISTOPHER LAROSE, ET AL.; CASE NO. 3:26-CV-03870-LEK-MSB; ORDER GRANTING IN PART AND DENYING IN PART VERIFIED PETITION FOR WRIT OF HABEAS CORPUS**